UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-CR-20004 |
| ) | |
| WILLIE B. FRANKLIN, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION

This matter is now before the Court on Defendant Willie B. Franklin's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 28. For the reasons set forth below, Defendant's Motion is DENIED.

## BACKGROUND

In January 2014, Defendant entered a plea deal, pleading guilty to a total of five counts of bank robbery. ECF No. 3. The plea deal outlined the offense conduct that during the month of December 2012 where Defendant went on a robbery spree across Illinois and into Iowa. *Id*. His presentence report indicates that he committed a total of twelve robberies and stole a total of over $30,000. It has further states that he had been released from the custody of the Bureau of Prisons ("BOP") on November 30, 2012 and was on supervised when he began robbing banks in December. On May 24, 2014, the Court sentenced Defendant to 125 months on four counts of robbery and 125 months on a fifth count of robbery to run concurrently. ECF No. 18.

Defendant has now filed a motion for compassionate release arguing that he is no longer safe in general population and was placed in a special housing unit for his safety. ECF No. 28. He complains that his placement deprives him of the opportunity to participate in programming that

would reduce his sentence. He suggests that the danger he is in and the inability of the BOP to get him transferred to a new location is an extraordinary and compelling reason for relief under 18 U.S.C. § 3582(c).

## LEGAL STANDARD

Generally, a sentence of imprisonment is final and may not be modified once it has been imposed except in narrow circumstances. 18 U.S.C. § 3582(c). There are narrow circumstances where a court may modify a term of imprisonment including "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c). Motions made under this section are often referred to as "compassionate release" motions. Before filing a motion for compassionate release, a defendant is required to first request that the BOP file a motion on his or her behalf. 18 U.S.C. § 3582(c)(1)(A). A court may grant a motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

The compassionate release statute directs the Court to make three considerations: (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether a reduction is consistent with the factors listed in 18 U.S.C. § 3553(a); and (3) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1). The Seventh Circuit provided further instruction regarding the proper analysis when evaluating a motion for a discretionary sentencing reduction under § 3582(c)(1)(A) based on "extraordinary and compelling" reasons, which includes two steps. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021).

> At step one, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction…. Upon a finding that the prisoner has supplied

2

such a reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner.

*Id.* The Seventh Circuit has also held that "because the Guidelines Manual lacks an applicable policy statement, the trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion." *United States v. Gunn,* 980 F.3d 1178, 1180 (7th Cir. 2020). This Court is therefore not bound by the Sentencing Commission's analysis in § 1B1.13 or the application notes regarding the definition of "extraordinary and compelling reasons." *Id*. at 1181.

## DISCUSSION

i.  **Defendant did not exhaust administrative remedies.**

The Seventh Circuit has made clear that the exhaustion requirement "is a mandatory claim-processing rule and therefore must be enforced when properly invoked." *United States v. Sanford,* 986 F.3d 779, 782 (7th Cir. 2021). Here, the Government argues Defendant did not include any exhibits indicating he requested the BOP file a motion on his behalf or any appeal from the BOP's decision. Accordingly, this reason alone suffices for denying relief. In any event, Defendant has not otherwise provided a compelling reason for relief.

ii. **Defendant is not otherwise entitled to relief.**

The Sentencing Commission policy statement in United States Sentencing Guidelines § 1B1.13 addresses sentence reductions based on medical conditions under § 3582(c)(1)(A). Per the policy statement, an "extraordinary and compelling" medical reason for release can include a serious medical condition that substantially diminishes the defendant's ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover. *See* USSG § 1B1.13, cmt. n.1 (A). While the Seventh Circuit has clarified that courts are not bound by the Sentencing Commission's analysis in § 1B1.13 regarding the definition of "extraordinary and

compelling" reasons, it strongly suggested that those guidelines are still relevant to district courts' decisions. *Gunn*, 980 F.3d at 1180-81.

Here, Defendant has provided little information about his safety issues. He also claims that he is now in a Special Housing Unit and his motions also suggests that the BOP may be working on transferring him, albeit slowly. Defendant has not provided sufficient evidence that the BOP is unable to keep him safe in these circumstances and thus, has not provided an extraordinary and compelling reason for relief.

**B.     The § 3553(a) Factors Do Not Otherwise Warrant a Sentence Reduction**

The Seventh Circuit has held that the proper analysis when evaluating a motion for a discretionary sentencing reduction under § 3582(c)(1)(A) based on "extraordinary and compelling" reasons must proceed in two steps. *Thacker*, 4 F.4th at 576 . First, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction. *Id.* Upon a finding that an "extraordinary and compelling" reason exists, step two requires a district court to exercise its discretion to consider any applicable sentencing factor in § 3553(a) to determine what sentence reduction to award the prisoner. *Id.*

Here, this Court found that Defendant failed exhaust his administrative remedies and failed to identify an "extraordinary and compelling" reason warranting a sentence reduction. Therefore, the Court need not consider the sentencing factors under § 3553(a). Even if the Court were to reach the § 3553(a) factors, those factors otherwise weigh against release. The last time Defendant was released from custody, he immediately committed a string of robberies. Moreover in 2010, while at a Federal Residential Re-Entry Center, Defendant was charged with escape and possession of a stolen vehicle. He left the facility for work one morning and did not return for 4 days when an arrest warrant was issued. ECF No. 10 at 30–31. He was caught in possession of a car stolen from

another state. *Id*. He ultimately pled guilty to both crimes. *Id*. Accordingly, Defendant has not proven himself trustworthy in re-entry facilities or while on supervised release. Given the nature and offense of the crime, the need to protect the public from further crimes, and Defendant's repeated criminal behavior while in a setting with less supervision, the Court finds that compassionate release is not appropriate in this case.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Compassionate Release [28] is DENIED.

ENTERED this 12th day of June, 2023.

s/ Michael M. Mihm
Michael M. Mihm
United States District Court Judge
